UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION IN LAFAYETTE

| | |
|---|---|
| LAFAYETTE VENETIAN BLINDS, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 4:10-CV-48 RM |
| BLIND EXCHANGE, INC., *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

In January 2011, the court denied the first motion for default judgment by Lafayette Venetian Blinds, Inc., finding that it lacked sufficient documentation and was potentially inconsistent with controlling legal authority, and granted leave to refile. Lafayette Venetian Blinds's amended motion for default judgment pends before the court. For the following reasons, that motion is GRANTED in part, and DENIED in part.

The court grants the motion to the extent Lafayette Venetian Blinds seeks judgment in its favor and against the defendants for the principal due and owing under the buyer's credit application and open account agreement ($86,910.60), late fees through November 22, 2010 ($26,181.57), and reasonable attorney fees and costs ($2,287.50). The court denies the motion to the extent Lafayette Venetian Blinds seeks to recover additional late fees and post-judgment interest at the rate provided by state law.

Lafayette Venetian Blinds asserts in its amended motion for default judgment that $6,129.98 in additional late fees has accrued since November 22, 2010, and seeks to recover those additional fees. But its claim to additional fees isn't supported by affidavit as required by Fed. R. Civ. P. 55(b), and can't reasonably and equitably be charged against the defendant when, as here, the delay in seeking judgment after the entry of default is attributed solely to the plaintiff.

Lafayette Venetian Blinds's assertion that it is entitled to post-judgment interest "at the highest rate allowed by the State of Indiana in the amount of eight percent (8%)," is inconsistent with controlling law. Federal law, specifically 28 U.S.C. § 1961, not state law, governs post judgment interest in diversity cases. Traveler Ins. Co. v. Transport Ins. Co., 846 F.2d 1048, 1053 (7th Cir. 1988). As of the date of this order, that rate is .24%.

Accordingly, the plaintiff's amended motion for default judgment [Doc. No. 16] is GRANTED in part, and DENIED in part. Judgment is entered in favor of the plaintiff, Lafayette Venetian Blinds, Inc., and against the defendants, Blind Exchange, Inc., Kevin Ogden, and Theodore Karellakis, in the total amount of $115,379.67 (the principal amount owed ($86,910.60), plus late fees ($26,181.57) and reasonable attorney fees and costs ($2,287.50)), together with post judgment interest at the rate provided by 28 U.S.C. § 1961.

SO ORDERED.

ENTERED:     April 29, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court